# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| PERFORMANCE CONSTRUCTION, LLC, ) | No. 73808-9-I |
| Appellant/Cross Respondent, ) | |
| ) | DIVISION ONE |
| v. ) | |
| ) | PUBLISHED OPINION |
| COLLETTE GLENN; COBALT ) | |
| MORTGAGE, INC.; and MORTGAGE ) | |
| ELECTRONIC REGISTRATION SYSTEM, ) | |
| INC., ) | |
| Respondents, ) | |
| ) | |
| DAVID KEENE, ) | |
| ) | |
| Respondent/Cross Appellant. ) | FILED: August 15, 2016 |
| ) | |

APPELWICK, J. — This is an appeal from summary judgment quieting title to property in Glenn. Keene, on behalf of D & J Shires LLC, purchased foreclosure property owned by Slighter LLC at a sheriff's sale. He then sought an assignment of redemption rights from Slighter LLC. The assignment of redemption rights from Slighter LLC to Keene was not done by deed and was ineffective. Therefore, Slighter LLC remained a qualified redemptioner and the redemption period was not extinguished. Because the redemption period had not expired when the sheriff's deed issued, the trial court properly declared the sheriff's deed void. Although the sheriff's deed was void, Shires held an inchoate interest in the property at the time it sold the property to Glenn. No redemption of that interest was made. Because Slighter LLC was not a person entitled to claim a homestead in the property, RCW 6.23.120 did not apply to the property and Performance was not entitled to invoke it to purchase the property from Glenn. Therefore, Glenn is entitled to a sheriff's deed and to quiet title of the property. We affirm.

BACKGROUND

In Washington, the judgment debtor and certain lien creditors are granted the statutory right to redeem property sold at a foreclosure sale. Fid. Mut. Sav. Bank v. Mark, 112 Wn.2d 47, 51, 767 P.2d 1382 (1989). Redemption is the process of canceling and annulling a defeasible title, such as is created by a mortgage, by paying the debt or fulfilling other conditions. Id. Chapter 6.23 RCW governs the statutory redemption of real property sold at a sheriff's sale. P.H.T.S., LLC v. Vantage Capital, LLC, 186 Wn. App. 281, 287, 345 P.3d 20 (2015). Real property sold subject to redemption may be redeemed by the following persons or their successors in interest:

> (a) The judgment debtor, in the whole or any part of the property separately sold.
>
> (b) A creditor having a lien by judgment, decree, deed of trust, or mortgage, on any portion of the property, or any portion of any part thereof, separately sold, subsequent in priority to that on which the property was sold. The persons mentioned in this subsection are termed redemptioners.

RCW 6.23.010(1). Unless redemption rights have been precluded because the mortgagor or his or her successor in interest has abandoned the property, the judgment debtor or any redemptioner may redeem the property from the purchaser at any time within one year after the date of the sale.[1] RCW 6.23.020(1); RCW 61.12.093. To redeem the property from the purchaser, the judgment debtor must pay (1) the amount bid at the sheriff's sale with interest, (2) any assessment or

---

[1] Under RCW 6.23.020(1), the redemption period may be eight months if the property is not used principally for agricultural or farming purposes and the mortgage so declares, and the judgment creditor expressly waives any right to a deficiency judgment in the complaint. It is otherwise one year. Id.

taxes paid by the purchaser with interest, and (3) any sum paid by the purchaser on a prior lien or obligation secured by an interest in the property to the extent payment was necessary to protect the judgment debtor or a redemptioner.[2] RCW 6.23.020(2); Vantage, 186 Wn. App. at 287. The statute contemplates that there may be multiple successive redemptions. See RCW 6.23.040 (stating that if property is redeemed from the purchaser by a redemptioner, another redemptioner may, within sixty days after the first redemption, redeem it from the first redemptioner).

If no redemption is made within the redemption period, the purchaser or the last redemptioner to redeem is entitled to a sheriff's deed at the end of the redemption period. RCW 6.23.060. But, of relevance to this case, there is an exception to this requirement—that entitles a third party to the property—outlined in RCW 6.23.120:

> (1) Except as provided in subsection (4) of this section, during the period of redemption for any property that a person[3] would be entitled to claim as a homestead, any licensed real estate broker within the county in which the property is located may nonexclusively list the property for sale whether or not there is a listing contract. If the property is not redeemed by the judgment debtor and a sheriff's deed is issued under RCW 6.12.120, then the property owner shall accept the highest current qualifying offer upon tender of full cash payment within two banking days after notice of the pending acceptance is received by the offeror. If timely tender is not made, such offer shall no longer be deemed to be current and the opportunity shall pass to the next highest current qualifying offer, if

---

[2] A redemptioner who redeems from the purchaser must pay the same amounts as required of the judgment debtor plus the amount of any lien by judgment, decree, deed of trust, or mortgage held by the purchaser that is prior in time to the lien of the redemptioner who seeks to redeem.

[3] "Person" is not defined in chapter 6.23 RCW nor in chapter 6.13 RCW, which discusses homesteads.

3

any. Notice of pending acceptance shall be given for the first highest current qualifying offer within five days after delivery of the sheriffs deed under RCW 6.21.120 and for each subsequent highest current qualifying offer within five days after the offer becoming the highest current qualifying offer. An offer is qualifying if the offer is made during the redemption period through a licensed real estate broker listing the property and is at least equal to the sum of: (a) One hundred twenty percent greater than the redemption amount determined under RCW 6.23.020 and (b) the normal commission of the real estate broker or agent handling the offer.

(2) The proceeds shall be divided at the time of closing with: (a) One hundred twenty percent of the redemption amount determined under RCW 6.23.020 paid to the property owner, (b) the real estate broker's or agent's normal commission paid, and (c) any excess paid to the judgment debtor.

(3) Notice, tender, payment, and closing shall be made through the real estate broker or agent handling the offer.

(4) This section shall not apply to mortgage or deed of trust foreclosures under chapter 61.12 or 61.24 RCW.

## FACTS

On June 12, 2013, the Brookwood Place Condominium Association (Brookwood) commenced a lien foreclosure action pursuant to chapter 61.12 RCW and chapter 64.34 RCW against Slighter Property II LLC (Slighter LLC) and Thomas Slighter and Bonnie Slighter. Brookwood filed the action, seeking to judicially foreclose on the real property (the Property) owned by Slighter LLC for failing to pay Brookwood's monthly condominium assessments.[4] Greenpoint

---

[4] Although Brookwood initiated the foreclosure action against Slighter LLC and the Slighters, and although many other documents in the record imply that the Property was owned by both Slighter LLC and the Slighters individually, the Property was owned by only Slighter LLC at the time of the foreclosure action. On June 26, 2007, the Slighters conveyed all right, title, and interest in the Property to Slighter LLC via statutory warranty deed.

4

Mortgage Funding Inc. and Nationstar Mortgage LLC were also named as defendants in the complaint, because they were both lienholders on the Property.

Nationstar and Greenpoint did not answer the complaint, and the trial court entered a default order against them. Brookwood then moved for summary judgment as to the Slighters and Slighter LLC. The trial court granted Brookwood's motion. The trial court entered a personal judgment of $20,772.04 against the Slighters and Slighter LLC and a decree of foreclosure as to all defendants. The trial court's order declared the lien foreclosed and ordered the Snohomish County Sheriff to sell the Property and apply the proceeds to the payment of the judgment against the defendants. The order noted that the period of redemption would be 12 months and that the sheriff would be ordered to issue a sheriff's deed at the termination of the 12 month period.

On November 1, 2013 the trial court entered an order of sale, commanding the sheriff to sell the Property. Pursuant to the trial court's order, the sheriff sold the Property at public sale on January 3, 2014. D & J Shires LLC (Shires) was the highest bidder. It purchased the Property for $36,000. David Keene, a respondent and the cross-appellant in this action, is a member of Shires.[5] On January 30, 2014, the Slighters, on behalf of themselves individually and on behalf of Slighter LLC, assigned all redemption rights in the Property to Keene. On January 31, 2014, the trial court confirmed the sheriff's sale.

---

[5] John Stefanchik is also a member of Shires.

5

On March 4, 2014—months before the January 5, 2015 expiration of the 12 month redemption period[6]—Keene filed a motion for an order directing the sheriff to issue a sheriff's deed free and clear of any rights of redemption for the Property. Keene's motion stated that because the Slighters and Slighter LLC assigned their redemption rights to him and no longer possessed them, there were no redemptioners who could exercise a right of redemption for the Property.[7] Keene's motion stated, "Here, since no eligible redemptioners exist, the Court should deem that the period of redemption is expired and direct the . . . Sheriff to issue a Sheriff's Deed to Mr. Keene."

That same day, a commissioner entered an order directing the sheriff to issue a sheriff's deed. The order stated that there are no qualified redemptioners for the Property as defined in RCW 6.23.010. It directed the sheriff to issue Keene

---

[6] The parties appear to disagree as to whether the redemption period was scheduled to end January 3, 2015 or January 5, 2015. The last day of a period of time prescribed by an applicable statute shall not be included in the computation of time if it is a Saturday or a Sunday. RCW 1.12.040. If the last day of a period is one of these days, the period runs until the end of the next day which is neither a Saturday nor a Sunday. See id. January 3, 2015 was a Saturday. Here, the next weekday was Monday, January 5, 2015.

[7] In his motion, Keene asserted that defendant lenders Nationstar and Greenpoint do not qualify as redemptioners, because their interests were inferior to those of Brookwood and were foreclosed by the Brookwood action. Keene supported this assertion by citing to Summerhill Vill. Homeowners Ass'n v. Roughley, 166 Wn. App. 625, 629, 270 P.3d 639, 289 P.3d 645 (2012). He noted that a condominium association's liens for common expense assessments has a priority over deeds of trust before the lien arises—often termed "super priority." He claimed that under RCW 6.23.010, the holder of a deed of trust encumbering a condominium unit may not redeem the property after the foreclosure of a "super priority" lien under RCW 64.34.364 if the lien created by the deed of trust was acquired prior in time to when the "super priority" lien arose. Whether Nationstar or Greenpoint were qualified redemptioners is not before us on appeal.

a sheriff's deed to the Property free and clear of any rights of redemption. On April 14, 2014, the sheriff issued the deed to Shires, not Keene.

In May 2014, Collette Glenn purchased the Property from Shires for $175,000. Glenn purchased the Property by taking out a loan from Cobalt Mortgage, Inc. (Cobalt) and paying the rest in cash. To secure repayment of her loan, Glenn executed a deed of trust encumbering the Property. Shires conveyed its interest in the Property to Glenn via a statutory warranty deed that was recorded on May 6, 2014.[8] Under the terms of the deed of trust, Cobalt was the lender and Mortgage Electronic Registration System, Inc. (MERS) was designated as beneficiary.

On January 3, 2015—two days before the statutory 12 month redemption period would have ended—Performance Construction LLC delivered to Glenn an offer to purchase the Property under RCW 6.23.120. Performance offered to pay Glenn $92,500 for the Property. Glenn did not accept the offer.

Consequently, Performance commenced this action in January 2015 against Glenn, Cobalt, and MERS. Performance's complaint sought declaratory relief, specific performance, damages, and quiet title. Performance sought, among other things, a declaration that RCW 6.23.120 applied and that Performance made the highest qualifying offer under the terms of the statute, a declaration that Glenn is obligated to sell the Property to Performance under the terms of the offer, and a declaration that the sheriff's deed was void.

---

[8] Stefanchik signed the statutory warranty deed as a member of Shires.

7

On March 16, 2015, Slighter LLC conveyed and quit claimed all of its rights, title, or interest in the Property to Performance.[9] Specifically, the quit claim deed noted that it was assigning any rights to excess proceeds under RCW 6.23.120(2)(c) to Performance.

On March 30, 2015, presumably because Performance sought to void the sheriff's deed, it amended its complaint to add Keene as a defendant.[10] Keene had obtained the order for the sheriff's deed's issuance in his name.[11] On April 17, 2015, Glenn answered Performance's complaint and filed a third party complaint against Shires for breach of statutory warranties.

Thereafter, the parties filed cross motions for summary judgment. The trial court entered an order granting respondents' motions for summary judgment. The order also denied Performance's motion for summary judgment and dismissed Performance's claims with prejudice. Most notably, the order on the cross motions for summary judgment: (1) voided the order for issuance of the sheriff's deed; (2) voided the sheriff's deed; (3) declared that Performance did not make a qualifying offer under RCW 6.23.120 because the Property was not listed for sale as required by the statute; and (4) declared that Glenn was a bona fide purchaser and was entitled to have title to the Property quieted in her name. Performance filed a

---

[9] The Slighters individually also quit claimed, "whatever right, title or interest" they had in the Property and excess proceeds under RCW 6.23.120 to Performance. But, the quit claim deed was not recorded until June 17, 2015.
[10] We refer to Keene, Glenn, Cobalt and MERS collectively as "respondents."
[11] The sheriff's deed itself was issued to Shires.

motion for reconsideration on July 10, 2015. The trial court denied the motion on July 28, 2015.

Performance appeals, asserting that the trial court ruled correctly as to the first two issues, but erred in granting summary judgment as to the third and fourth issues. Keene cross appeals, arguing that the trial court erred when it declared as void the superior court's order to issue the sheriff's deed and the sheriff's deed itself.

## DISCUSSION

This court reviews summary judgment orders de novo. Hadley v. Maxwell, 144 Wn.2d 306, 310-11, 27 P.3d 600 (2001). Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Peterson v. Groves, 111 Wn. App. 306, 310, 44 P.3d 894 (2002). When considering the evidence, the court draws reasonable inferences in the light most favorable to the nonmoving party. Schaaf v. Highfield, 127 Wn.2d 17, 21, 896 P.2d 665 (1995). An appellate court may affirm a trial court's disposition of a summary judgment motion on any basis supported by the record. Davies v. Holy Family Hosp., 144 Wn. App. 483, 491, 183 P.3d 283 (2008). To the extent that the issues before the court raise questions of statutory interpretation, these are questions of law we also review de novo. Bostain v. Food Express, Inc., 159 Wn.2d 700, 708, 153 P.3d 846 (2007).

We first address the validity of the sheriff's deed because it affects the status of the parties and their interest in the Property at the time of the offer made by Performance.

Keene sought an assignment of Slighter LLC and the Slighters' rights to redeem the interest Shires purchased at the sheriff's sale. Slighter LLC and the Slighters individually assigned their redemption rights to Keene. This assignment was not in deed form. In his motion for an order directing issuance of the sheriff's deed , Keene argued that the assignment together with the interest purchased at the sheriff's sale extinguished any redemption rights and entitled him to take title to the property by sheriff's deed without waiting for the expiration of the statutory redemption period.

In Mark, the Washington Supreme Court held that a judgment debtor may not transfer a right to redeem without also transferring the underlying interest in the property's title. 112 Wn.2d at 52-53. It reasoned that a judgment debtor-mortgagor retains legal title to the property during the redemption period. Id. at 52. And, a sheriff's certificate of purchase does not pass title, but is only evidence of an inchoate interest which may or may not ripen into title. Id. at 52-53. To allow an assignee without an interest in the property's title to redeem would accomplish nothing, because any redemption would inure to the benefit of the holder of legal title—the judgment debtor-mortgagor. Id. at 53. Consequently, the Mark court held that an unacknowledged and unrecorded assignment of interest was insufficient to convey the judgment-debtors' interest in the property. Id. It stated the only way to convey title to real property is by a valid, acknowledged deed. Id. And, consequently, the rights of redemption were not validly transferred. See id. Years later in Capital Investment Corporation of Washington v. King County, the court, analogizing to Mark, held that a redemptioner whose lien is by judgment

10

(instead of by mortgage) can effectively transfer his or her right to redeem only if he or she also transfers his or her underlying judgment. 112 Wn. App. 216, 228, 47 P.3d 161 (2002).

Here, the assignment of redemption rights from the Slighters and Slighter LLC to Keene stated that the assignment was irrevocable and "includes any rights in and to the above-described property available to the undersigned under RCW 6.23 et. seq or as acquired thereafter." (Capitalization omitted.) Keene asserts that because the assignment was properly signed and notarized and recorded prior to Keene's motion for issuance of the sheriff's deed and because it included any rights in the property, it successfully conveyed all of the Slighters' and Slighter LLC's interest in the property. Keene also cites to the language of the foreclosure decree as evidence that the Slighters and Slighter LLC had only the right of redemption after the sheriff's sale ("[A]ll right, title, claim, lien, estate, or interest of [defendants i]s [i]nferior and subordinate to the aforementioned Lien and is hereby foreclosed except only for the right of redemption allowed by law."). Consequently, Keene argues that the Slighters and Slighter LLC withheld no rights to the property when they made the assignment to him. He argues that this case is distinguishable from both Mark and Capital because in Mark, the assignment failed because it had not been made in deed form and was neither notarized nor recorded and in Capital, the assignment was ineffective because the assignment was made through a certificate of redemption.

Despite the minor factual differences, Mark and Capital clearly stand for the proposition that title to real property can only be conveyed by a valid deed and a

11

valid transfer of an interest in the property's title is necessary to transfer the right of redemption. Mark, 112 Wn.2d at 52-53; Capital, 112 Wn. App. at 228. The Slighters and Slighter LLC did not convey their interest in the Property to Keene through a deed.[12] We conclude that the language in the foreclosure decree and in the assignment of redemption rights together do not remedy the fact that the Slighters and Slighter LLC did not convey their interest in the property by deed. Therefore, Slighter LLC—as judgment debtor[13]—was still an eligible redemptioner at the time the sheriff issued the deed to the Property.

RCW 6.23.060 provides that if no redemption is made within the redemption period, the purchaser is entitled to a sheriff's deed. Here, the sheriff issued the deed before the end of the redemption period when there were still qualified redemptioners. The execution of a deed after the time for redemption has expired is a purely ministerial act. See RCW 6.21.120 (stating that it is the duty of the sheriff to issue a deed upon request immediately after the time for redemption from a sheriff's sale has expired); Diamond v. Turner et al., 11 Wash. 189, 192-93, 39 P. 379 (1895). The sheriff has no independent nor statutory authority to issue a sheriff's deed while redemption rights remain, nor may a court commissioner confer such authority when it is not otherwise conferred by law. See Severson v.

---

[12] In fact, later, the Slighters and Slighter LLC did convey their rights in the underlying property to Performance through a quit claim deed.

[13] The Slighters, individually, are also listed as judgment debtors in the trial court's order granting summary judgment in the Brookwood foreclosure action. But, the Property was owned by only Slighter LLC at the time this order was entered. Therefore, only Slighter LLC was a judgment debtor. See Prince v. Savage, 29 Wn. App. 201, 205, 627 P.2d 996 (1981) (stating that a judgment debtor is the fee owner of the property).

Penski, 36 Wn. App. 740, 743-44, 677 P.2d 198 (1984) (affirming the trial court's decision to void a sheriff's deed even though the issuance of the deed was ordered by a county commissioner who misapplied the law). Here, the commissioner erred by concluding there were no qualified redemption rights remaining. The redemption period had not expired and the court commissioner lacked authority to shorten the redemption period or to order the sheriff to issue the deed early. The trial court correctly concluded that the sheriff's deed—issued prior to the end of the statutory redemption period while redemption rights remained—was void.

In light of this conclusion, because the sheriff's deed was void, we turn to consideration of the status and rights of the parties. First, although Shires was not entitled to the sheriff's deed or absolute title prior to the expiration of the redemption period, it—as the purchaser of the Property at the sheriff's sale—held an inchoate interest in the Property. See W.T. Watts, I. v. Sherrer, 89 Wn.2d 245, 248, 571 P.2d 203 (1977) (stating that the Washington Supreme Court has recognized that a sheriff's certificate of purchase does not pass title but is only evidence of an inchoate interest which may or may not ripen into absolute title). Title is not absolute, because the interest of a sheriff's sale purchaser is subject to the right of redemption. See id. This interest gives the purchaser the right to a sheriff's deed only when redemption rights are extinguished. See RCW 6.21.120.

Here, during the one year redemption period, Slighter LLC—as judgment debtor—and any eligible lienholders would have been entitled to redeem the Property. See RCW 6.23.010. But, no parties sought to or redeemed the Property. Therefore, at the end of the redemption period, Shires would have been entitled to

13

a sheriff's deed and absolute title of the Property. See RCW 6.21.120. Glenn succeeded to Shires' interest in the Property. Glenn held that inchoate interest in the Property at the end of the redemption period.[14] She was therefore entitled to the sheriff's deed unless Performance properly invoked the exception under RCW 6.23.120 as argued in its appeal.

Glenn asserts that RCW 6.23.120 does not apply here. RCW 6.23.120 applies to "any property that a person would be entitled to claim as a homestead . . . ." Glenn argues that at the time of the foreclosure sale, the Property was not one that a person could claim as a homestead, because in the foreclosure action, the trial court ordered that the Property " 'is not subject to the homestead exemption.' "[15] In other words, she reads the statutory language "any property that a person would be entitled to claim as a homestead" as related to the specific status of the property at issue in the foreclosure action. RCW 6.23.120. By contrast, Performance argues that the statutory language means the nature of the property generally. Performance asserts, "The condominium unit is a

---

[14] That Shires purported to convey more interest in the land than it actually had does not invalidate the conveyance of its inchoate interest in the Property. A grantor conveying land by statutory warranty deed makes five covenants against title defects. Mastro v. Kumakichi Corp., 90 Wn. App. 157, 162-63, 951 P.2d 817 (1998). One of the covenants is the warranty of seisin—a guarantee by the seller that he or she holds the land in fee simple. Id. Where covenants under the warranty deed are breached, an injured grantee is entitled to recover for damages for lost property or diminution in property value. Id. at 163. Here, Glenn effectively purchased the inchoate interest from Shires. The fact that Shires purported to convey fee simple title to the Property to Glenn when Shires had only an inchoate interest to convey provides Glenn the remedy of suing Shires for the diminution in value.

[15] In the foreclosure action, the trial court concluded—without further explanation—that the real property is not subject to the homestead exemption pursuant to RCW 64.34.364(2) and RCW 6.13.080(6).

14

residential property, i.e.[,] a property a person would be able to claim as a homestead." (Boldface omitted.) Neither chapter 6.23 RCW nor chapter 6.13 RCW define "person."

The court's fundamental objective in construing a statute is to ascertain and carry out the legislature's intent. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). If the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent. Id. Under this plain meaning rule, we look at both the wording of the statute and the wording of related or other provisions of the same act. Pierce County v. State, 144 Wn. App. 783, 806, 185 P.3d 594 (2008). If the statute remains susceptible to more than one reasonable meaning after such an inquiry, the statute is ambiguous and we resort to various statutory construction aides. Id.

Even without a statutory definition of "person," the legislature's intent is clear when considering the statute as a whole and other related provisions. RCW 6.23.120 applies only when a third party has purchased the property at a sheriff's sale and the judgment debtor is unable to redeem. See RCW 6.23.120(1). RCW 6.23.120(1) requires that a qualifying offer be at least equal to the sum of one hundred twenty percent greater than the redemption amount and the normal commission of the real estate broker or agent handling the offer. RCW 6.23.120(2) then states that the proceeds from a qualifying offer made under the statute shall be divided at the time of closing with a portion paid to the property owner, a portion paid to the real estate broker, and any excess paid to the judgment debtor. Therefore, the intent of the legislature was clearly to encourage more and higher

15

offers on a property in order to put money back in the hands of the judgment debtor. Thus, the legislature sought to protect a judgment debtor who had just lost his or her home through foreclosure and was unable to redeem.

RCW 6.13.010 discusses what constitutes a "homestead." The homestead consists of real property that the owner uses as a residence. RCW 6.13.010. To claim a residence as a homestead, the owner must either occupy the property as a principal residence or intend to do so. RCW 6.13.040(3). In light of RCW 6.13.040(3), we read "owner" as applying solely to natural persons. A limited liability company is not capable of occupying a property as its principal residence.

Based on the legislative intent behind RCW 6.23.120—to protect a judgment debtor who had just lost his or her home—the legislature's deliberate connection of the statute to homestead property is instructive. The legislature sought to limit RCW 6.23.120's application to foreclosed properties where a recently foreclosed judgment debtor—who relied on the property for shelter—could obtain excess proceeds. Consequently, we hold that "any property that a person would be entitled to claim as a homestead" relates to the specific homestead status of the property at issue in the foreclosure action.

Here, because the Property was owned by Slighter LLC at the time of the foreclosure, it was not property that the owner was using as a residence. See RCW 6.13.010; RCW 6.13.040(3). Consequently, it was not property in which the

owner would be entitled to claim a homestead. We hold that RCW 6.23.120 does not apply to the Property at issue here.[16]

Although the sheriff's deed to Shires was void, Glenn acquired the inchoate interest under the sheriff's certificate of purchase at the time she purchased the Property from Shires. She is entitled to receive a sheriff's deed. Because RCW 6.23.120 does not apply to the Property, Glenn is entitled to quiet title. The trial court did not err when it granted summary judgment in favor of respondents.

Finally, Glenn asserts that she is entitled to an award of costs on appeal under RAP 14.2 as the substantially prevailing party. Because Glenn is a prevailing party here, we grant her request upon timely filing and serving of a cost bill under RAP 14.4.

We affirm.

_Appelwick, J._

WE CONCUR:

_Verellen, C.J._                _Leach, J._

---

[16] Because we hold that RCW 6.23.120 does not apply, we need not decide whether Performance made its offer to the proper party, whether Performance's offer was a qualifying offer under the statute, or whether Glenn was a bona fide purchaser. And, because we hold that respondents prevail in this action, we need not address the other specific arguments raised in Keene's cross appeal.