# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 DEC -4 AM 9:46

| | | |
|---|---|---|
| SEAWIND HOMEOWNERS ASSOCIATION, a Washington Non-Profit Corporation, | ) ) ) ) | No. 75433-5-I |
| Respondent, | ) ) | |
| v. | ) ) | DIVISION ONE |
| THE ROSALIND ROMANO LIVING TRUST, DATED THE 11TH DAY OF OCTOBER 2006; ROSALIND L. ROMANO, an individual and the marital or quasi-marital community comprised thereof; ROSALIND L. ROMANO, TRUSTEE OF THE ROSALIND ROMANO LIVING TRUST, DATED THE 11TH DAY OF OCTOBER 2006; ANY SUCCESSOR TRUSTEE or BENEFICIARY OF THE ROSALIND ROMANO LIVING TRUST, DATED 11TH DAY OF OCTOBER 2006 AND HOUSEHOLD FINANCE CORPORATION III, a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Appellants. | ) ) ) | FILED: December 4, 2017 |

MANN, J. — After Rosalind Romano fell behind on her condominium association

maintenance fees, the Seawind Homeowners Association (Seawind) exercised its right

to seek judicial foreclosure of Romano's condominium. Seawind purchased Romano's condominium at a sheriff's sale for a credit bid of $25,926.97 and filed a satisfaction of its judgment. Household Finance Corporation, III, (HFC), which held a promissory note and deed of trust on Romano's condominium, then exercised its statutory right as a creditor to redeem the condominium by paying $34,602.72. HFC then sold its rights, including the condominium, Romano's promissory note, and deed of trust to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (USB).

The day before the end of the one-year statutory redemption period, Dynamic Funding LLC (Dynamic) responded to a third party realtor's online Zillow.com[1] posting and offered to purchase the condominium for $53,500.00. After USB refused the offer, Dynamic sought a court order mandating USB accept the offer under RCW 6.23.120. Dynamic appeals the superior court's order denying its motion. We agree with the superior court that because Dynamic's purchase offer failed to include Romano's debt to USB of over $196,000.00, it was not a qualifying offer under RCW 6.23.120. We affirm.

## FACTS

In May 2002, Romano purchased a condominium within the Seawind Condominium complex in Des Moines, Washington (property). Romano took out a promissory note from HFC for $186,060.00. The note was secured by deed of trust on the property.

Romano's condominium was subject to monthly assessments by Seawind. Seawind is authorized to file a lien on the property for unpaid assessments. The lien is

---

[1] Zillow.com is an online real estate database company.

subject to foreclosure. In March 2011, Romano stopped paying condominium assessments to Seawind. As a result, on October 6, 2014, Seawind filed a lien and judicial foreclosure action. At the time the action was filed, the record owner of the property was the Rosalind Romano Living Trust, with Romano acting as trustee. On November 10, 2014, the Rosalind Romano Living Trust transferred ownership of the property to Romano in her personal capacity.

Seawind's complaint named HFC as a defendant because of its status as beneficiary and lender under a deed of trust against the property. HFC did not appear or answer. An order of default was entered against HFC on December 17, 2014.

On February 10, 2015, the court entered a stipulated judgment, agreed order, and decree of foreclosure. The default judgment against Romano was for $18,257.13. The order of foreclosure directed the King County sheriff to sell the property and direct the proceeds to the stipulated judgment. The order provided that Romano would be entitled to retain possession of the home as a homesteader until the end of the redemption period under RCW 6.23.110(4).

On April 24, 2015, Seawind purchased the property at the sheriff's sale for a credit bid of $25,926.97. The sale was later confirmed by the superior court and Seawind filed a full satisfaction of the judgment on January 4, 2016. A certificate of purchase was then recorded in King County.

On December 11, 2015, HFC, a qualified redemptioner under RCW 6.23.010(1)(b), exercised its right to redeem the property by paying $34,602.72 to the sheriff. The sheriff issued a certificate of redemption which was recorded January 13, 2016.

-3-

On March 29, 2016, USB purchased the property from HFC. HFC assigned its rights under the deed of trust to USB and USB became the note holder. Caliber Home Loans, Inc. serviced the loan and acted as attorney in fact for HFC. After payment of the $34,602.72 redemption fee, as of June 8, 2016, the total amount due under the promissory note was $196,756.33.

The statutory one-year redemption period was set to expire on April 25, 2016. One day before the expiration, on April 24, 2016, Larson Real Estate (Larson) listed the property for sale on Zillow.com for $120,000.00. The listing included an estimated value of the property as being $146,801.00. On April 25, 2016, Dynamic entered a sales contract with Larson and offered to purchase the property for $53,500.00. HFC rejected the offer.

On May 19, 2016, Dynamic filed an ex parte motion for order to show cause, seeking an order that they had made a "qualifying offer" pursuant to RCW 6.23.120 and that HFC was required to accept the offer. Dynamic also petitioned the sheriff for issuance of a sheriff's deed for the property within ten days of the court ruling.

On June 24, 2016, the trial court denied Dynamic's motion and concluded:

Having reviewed Dynamic's Motion, Household's Opposition, Dynamic's Reply, and having heard oral argument, the court hereby DENIES the motion. The court finds that (1) RCW 6.23.120 does not apply because the homestead exemption is not available, see RCW 6.13.080(2)(b), and (2) that the offer of $53,500 was insufficient because it failed to include the amount of Household's lien on the property, see RCW 6.23.020(2).

Dynamic appeals.

## ANALYSIS

*Standard of Review*

The issues in this case require interpretation of the Homestead Act, chapter 6.13 RCW, and the redemption statute, chapter 6.23 RCW. We review questions of statutory interpretation de novo. In re Marriage of Buecking, 179 Wn.2d 438, 443, 316 P.3d 999 (2013). Our goal in interpreting a statute is to ascertain and implement the legislature's intent. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). "Statutory interpretation begins with a statute's plain meaning." Manary v. Anderson, 176 Wn.2d 342, 352, 292 P.3d 96 (2013). We determine the plain meaning of a statute "from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). We avoid readings of statutes that would lead to strained or absurd results. Glaubach v. Regence BlueShield, 149 Wn.2d 827, 833, 74 P.3d 115 (2003).

*Redemption*

Chapter 6.23 RCW controls the statutory redemption of real property sold at a sheriff's sale. P.H.T.S., LLC v. Vantage Capital, LLC, 186 Wn. App. 281, 287, 345 P.3d 20 (2015); Performance Construction, LLC v. Glenn, 195 Wn. App. 406, 408-09, 380 P.3d 618 (2016). Redemption is the "process of cancelling and annulling a defeasible title, such as created by a mortgage, by paying the debt or fulfilling other conditions." Fid. Mut. Sav. Bank v. Mark, 112 Wn.2d 47, 51, 767 P.2d 1382 (1989); Performance, 195 Wn. App. at 409. Real property sold subject to redemption may be redeemed by the judgment debtor, judgment creditor, or their successors in interest.

RCW 6.23.010. There is a one-year redemption period for property that the judgment debtor "would be entitled to claim as a homestead." RCW 6.23.020(1)(b); RCW 6.23.120(1). To redeem the property from the purchaser, the person that redeems must pay (1) the amount bid at the sheriff's sale with interest, (2) any assessment or taxes paid by the purchaser with interest, (3) any sum paid by the purchaser on a prior lien or obligation secured by an interest in the property to the extent that payment was necessary to protect the judgment debtor, and (4) if the redemption is by a redemptioner and if the purchaser is also a creditor having a lien, judgment, deed of trust, or mortgage, the amount of such lien with interest. RCW 6.23.020(2); P.H.T.S., 186 Wn. App. at 287.

At issue in this case is RCW 6.23.120 which provides that during the one-year redemption period for "any property that a person would be entitled to claim as a homestead" any licensed real estate broker within the county in which the property is located may nonexclusively list the property for sale whether or not there is a listing contract." RCW 6.23.120(1) (emphasis added). If the judgment debtor does not redeem the property and a sheriff's deed is issued, then the property owner "shall accept the highest current qualifying offer upon tender of full cash payment." RCW 6.23.120(1) (emphasis added).

RCW 6.23.120 states:

(1) Except as provided in subsection (4) of this section, during the period of redemption for any property that a person would be entitled to claim as a homestead, any licensed real estate broker within the county in which the property is located may nonexclusively list the property for sale whether or not there is a listing contract. If the property is not redeemed by the judgment debtor and a sheriff's deed is issued under RCW 6.21.120, then the property owner shall accept the highest current qualifying offer

-6-

upon tender of full cash payment within two banking days after notice of the pending acceptance is received by the offeror. If timely tender is not made, such offer shall no longer be deemed to be current and the opportunity shall pass to the next highest current qualifying offer, if any. Notice of pending acceptance shall be given for the first highest current qualifying offer within five days after delivery of the sheriff's deed under RCW 6.21.120 and for each subsequent highest current qualifying offer within five days after the offer becoming the highest current qualifying offer. An offer is qualifying if the offer is made during the redemption period through a licensed real estate broker listing the property and is at least equal to the sum of: (a) One hundred twenty percent greater than the redemption amount determined under RCW 6.23.020 and (b) the normal commission of the real estate broker or agent handling the offer.

(2) The proceeds shall be divided at the time of closing with: (a) One hundred twenty percent of the redemption amount determined under RCW 6.23.020 paid to the property owner, (b) the real estate broker's or agent's normal commission paid, and (c) any excess paid to the judgment debtor.

(3) Notice, tender, payment, and closing shall be made through the real estate broker or agent handling the offer.

(4) This section shall not apply to mortgage or deed of trust foreclosures under chapter 61.12 or 61.24 RCW.

Dynamic challenges the trial court's conclusions that RCW 6.23.120 does not apply in this situation (1) because the homestead exemption was not available and (2) because Dynamic's offer of $53,500 was not a qualifying offer under RCW 6.23.020 because it failed to include the amount of USB's lien on the property. We address each argument in turn.

*Homestead*

Dynamic argues first that the trial court erred in concluding that RCW 6.23.120 does not apply because the homestead exemption was not available under RCW 6.13.080(2)(b). We agree.

RCW 6.23.120 applies to "any property that a person would be entitled to claim as a homestead." Since the trial court's decision, this court addressed the legislature's intent in adopting RCW 6.23.120. We concluded:

> Based on the legislative intent behind RCW 6.23.120—to protect a judgment debtor who had just lost his or her home—the legislature's deliberate connection of the statute to homestead property is instructive. The legislature sought to limit RCW 6.23.120's application to foreclosed properties where a recently foreclosed judgment debtor—who relied on the property for shelter—could obtain excess proceeds. Consequently, we hold that "any property that a person would be entitled to claim as a homestead" relates to the specific homestead status of the property at issue in the foreclosure action.

Performance, 195 Wn. App. at 421.

In Performance, because the property at issue was owned by an LLC, and therefore was not owned by a "person" at the time of foreclosure, the owner was not entitled to claim a homestead. Consequently, because the LLC was not entitled to claim a homestead, RCW 6.23.120 was inapplicable. Here, however, there is no dispute that by the date of the sheriff's sale, the property was owned by Romano and had been used by her as her residence for over two decades. Because Romano was a "person" that would be entitled to a homestead exemption, RCW 6.23.120 was applicable.[2]

---

[2] Respondent USB argues that because on the date Seawind filed for foreclosure the property was owned by the Rosalind Romano Living Trust, and the trust is not a "person" a homestead exemption was not available. USB ignores that the relevant date for determining whether a homestead is available is the date of the sheriff's sale. See RCW 6.23.110(4). It is not disputed that the Rosalind Romano Living Trust transferred the property to Romano prior to the sheriff's sale.

*Qualified Offer*

Dynamic argues next that the trial court erred in concluding that its offer was not a "qualifying offer" under RCW 6.23.120 and RCW 6.23.020(2) because it failed to include the amount owed to USB under the promissory note. We disagree.

Under RCW 6.23.120, an offer is "qualifying" if it is "at least equal to the sum of: (a) One hundred twenty percent greater than the redemption amount determined under RCW 6.23.020 and (b) the normal commission of the real estate broker or agent handling the offer."

RCW 6.23.020(2) provides:

> The person who redeems from the purchaser must pay: (a) The amount of the bid, with interest thereon at the rate provided in the judgment to the time of redemption, together with (b) the amount of any assessment or taxes which the purchaser has paid thereon after purchase, and like interest on such amount from time of payment to time of redemption, together with (c) any sum paid by the purchaser on a prior lien or obligation secured by an interest in the property to the extent the payment was necessary for the protection of the interest of the judgment debtor or a redemptioner, and like interest upon every payment made from the date of payment to the time of redemption, and (d) if the redemption is by a redemptioner and if the purchaser is also a creditor having a lien, by judgment, decree, deed of trust, or mortgage, prior to that of the redemptioner, other than the judgment under which such purchase was made, the redemptioner shall also pay the amount of such lien with like interest.

Dynamic urges that we read RCW 6.23.020(2) narrowly and limit the redemption amount for an offer made by a third party under RCW 6.23.120 to subsection (a) of RCW 6.23.020(2)—in this case, $34,602.72 paid by HFC to redeem the property. Dynamic takes the position that we should ignore that USB holds a deed of trust and promissory note on which Romano remains liable for over $196,000.00. Under Dynamic's reasoning, it is allowed to purchase the property for $53,500.00 and we

should ignore that Romano both loses her property and remains over $196,000.00 in debt to USB. This is a patently absurd result.[3]

As this court explained in Performance, the legislative intent behind RCW 6.23.120 "was clearly to encourage more and higher offers on a property in order to put money back in the hands of the judgment debtor. Thus, the legislature sought to protect a judgment debtor who had just lost his or her home through foreclosure and was unable to redeem." 195 Wn. App. at 420-21. Allowing Dynamic to purchase the property for significantly less than its market value and leave the judgment debtor, Romano, deeply in debt to USB would be directly contrary to the legislature's intent to protect the judgment debtor. We avoid readings of statutes that would lead to strained or absurd results. Glaubach, 149 Wn.2d at 833.

Instead, we agree with the trial court that when we review the intent behind RCW 6.23.120, the redemption amount for a qualifying offer should be controlled by RCW 6.23.020(2)(d):

> if the redemption is by a redemptioner and if the purchaser is also a creditor having a lien, by judgment, decree, deed of trust, or mortgage, prior to that of the redemptioner, other than the judgment under which such purchase was made, the redemptioner shall also pay the amount of such lien with like interest.

In this case, for the purpose of determining the redemption amount for a buyer under RCW 6.23.120 we treat the buyer—Dynamic—as the redemptioner, and USB, who purchased the property, deed of trust, and promissory note from HFC as the "purchaser." This reading satisfies the legislative intent—to encourage offers that might

---

[3] Dynamic agreed during oral argument that its interpretation may lead to "sharp practices."

put money back in the hands of the judgment debtor, and at the same time protects the judgment debtor that has lost their home and is unable to redeem.

While we agree with Dynamic that words within RCW 6.23.020(2)(d), if read in isolation, might support its desired outcome, we must do more than read individual words in isolation. "To glean the meaning of words in a statute, we do not look at those words alone, but all of the terms and provisions of the act in relation to the subject of the legislation, the nature of the act, and the general object to be accomplished and consequences that would result from construing the particular statute in one way or another." BAC Home Loans v. Fulbright, 180 Wn.2d 754, 766, 328 P.3d 895 (2014) (internal quotations and citations omitted). Read in context, a qualifying offer for the purposes of RCW 6.23.120, must be based on a redemption amount that includes both the amount paid by the prior redemptioner, purchaser, or successor as well as any existing debt under a deed of trust or mortgage held by the prior redemptioner, purchaser, or successor.

We affirm.

Mann, J.

WE CONCUR:

Leach, J.

Dwyer, J.

-11-