# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| US Bank National Association as Trustee for BAFC 2007-7, through their loan servicing agent JP Morgan Chase Bank, N.A., | No. 76134-0-I |
| Plaintiff, | |
| v. | DIVISION ONE |
| ESTATE OF EMMA E. JACKLIN; ALEXANDER JACKLIN, SPOUSE OF EMMA E. JACKLIN; THOMAS A. ANDERSON, SON OF EMMA E. JACKLIN; UNKNOWN HEIRS, LEGATEES AND DEVISEES OF THE ESTATE OF EMMA E. JACKLIN; UNKNOWN PARTIES IN POSSESSION; OR CLAMING A RIGHT TO POSSESSION, and UNKNOWN OCCUPANTS; and DOES 1-10 inclusive, | |
| Defendants, | |
| PERFORMANCE CONSTRUCTION, LLC, | |
| Appellant, | |
| CHANG INVESTMENTS, LLC and CASCADE CONCEPTS, LLC, | UNPUBLISHED OPINION |
| Respondents. | FILED: June 4, 2018 |

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2018 JUN -4 AM 11:23

MANN, J. — This is not the first time a dispute has come before a Washington court where a seller has attempted to convey title to real property twice. At its core, the question is which of two purported conveyances transferred valid property rights and whether the seller was equitably estopped from taking inconsistent actions.

In 2012, Chang Investments, LLC, and Cascade Concepts, LLC (collectively Chang) purchased foreclosed waterfront property in Burien at a sheriff's sale (Property). The Property was previously owned by Emma Jacklin and the Emma Jacklin Living Trust (Trust). After then purchasing redemption rights to the Property from Jacklin's son, Thomas Anderson, Chang successfully moved the King County Superior Court to terminate the statutory one-year redemption period and order the King County sheriff to issue a sheriff's deed for the Property.

Prior to the end of the one-year redemption period, Performance Construction, LLC (Performance) purchased all rights, title, and interest in the Property from the Trust, with Anderson acting as its successor trustee. Performance recorded the deed, and claiming itself successor to the judgment debtor, unsuccessfully sought to redeem the Property. Performance appeals a trial court decision denying its motion to vacate the order terminating the redemption period, voiding the sheriff's deed issued to Chang, and recognizing its right to redeem the Property.

We hold that the trial court lacked authority to shorten the redemption period and thus the sheriff's deed issued to Chang is void. This does not answer whether there

was a valid redemptioner prior to the end of the statutory redemption period? Because the record is insufficient to resolve that question, we remand to the trial court.[1]

## FACTS

In May 1993, Emma Jacklin established the Trust. Jacklin placed into the Trust personal and real property, including her waterfront property in Burien.[2] The Trust was amended four times with the final amendment in December 1998. Jacklin was the initial trustee of her trust.

The Trust named Jacklin's son, Thomas Anderson, and five other individuals to receive cash or investment shares as primary beneficiaries.[3] The Trust also made provisions for Jacklin's real property, including the Burien property. Jacklin's husband, Alexander Jacklin, was to be given "occupancy and ownership rights" to the Property for five years. Then, "[a]fter the five (5) year period, said property shall vest in Thomas E. Anderson." The residual of Jacklin's estate was to go to Anderson, subject to a spendthrift provision.

In November 1996, Jacklin also executed a will that, upon her death, transferred all remaining assets into the Trust.

---

[1] Chang's motion to strike parts of Performance's appellate brief is denied.
[2] The Property is described as:
Lot 161, Crescent Beach Addition, and portion of vacated Seacoma Blvd, as per plat recorded in Volume 17 of Plats, page 44, records of King County, including tide lands.
Such property being addressed at 2467 SW 172nd St. Burien, WA 98166.
[3] In addition to Thomas Anderson, the trust identified Damian Anderson, Sandra Anderson, Jerry Wills, Samantha Anderson, and John Duff, to receive cash or investments shares as primary beneficiaries.

In October 2002, the Trust transferred ownership of the Property back to Jacklin by quit claim deed. In 2004, Jacklin encumbered the Property with a deed of trust, which is the subject of the underlying foreclosure action.

Jacklin died in 2005. The parties agree that, upon her death, title to the Property transferred to the Trust under the terms of the pourover will. Under the Trust, Alexander Jacklin succeeded Jacklin as the trustee. Alexander Jacklin died in 2015 leaving the Trust without a trustee.[4]

In 2012, U.S. Bank, the beneficiary of the 2004 deed of trust, commenced the underlying foreclosure against the Estate of Emma Jacklin, Alexander Jackson, Thomas Anderson, and the "unknown heirs, legatees, and devisees of the Estate of Emma Jacklin." The trial court entered a default judgment and decree of foreclosure on August 3, 2015.

Chang purchased the Property at the November 19, 2015, sheriff's sale with a bid of $239,000. The following day, November 20, 2015, Chang paid $10,000 to Thomas Anderson in exchange for Anderson issuing Chang a deed conveying all of "Grantor's right, title and interest remaining" in the Property "including but not limited to all statutory rights of redemption."

In reliance on the deed from Anderson, on May 2, 2016, Chang moved the trial court for an order shortening the statutory one-year redemption period and directing the King County sheriff to issue a sheriff's deed. On May 19, 2016, the trial court ordered the termination of the redemption period and ordered the King County sheriff to issue a

---

[4] Under the Trust, Darren Berg was to have been the successor trustee, but was disqualified to serve due to a felony conviction. RCW 11.36 021.

sheriff's deed. On July 5, 2016, the sheriff executed a sheriff's deed for the Property to Chang.

On July 21, 2016, the remaining three named beneficiaries of the Trust executed an agreement under the Trust & Estate Dispute Resolution Act, chapter 11.96A RCW (TEDRA). The TEDRA agreement appointed Anderson the successor trustee for the Trust, and purported to construe the Trust such that the foreclosed Property remained subject to the spendthrift provision and therefore remained in the Trust. On that same day, Anderson, this time as successor trustee, executed a quit claim deed to Performance for "all right, title and interest grantor now owns" in the foreclosed Property. The deed was recorded in King County on July 22, 2016.

On October 14, 2016, Performance gave the King County sheriff notice that it was the successor in interest to the Trust and that it was entitled to redeem the Property from foreclosure. Performance then moved for an order substituting it as a party defendant, vacating the order terminating the redemption period, voiding the sheriff's deed issued pursuant to the order, and recognizing its right to redeem. On November 1, 2016, the trial court denied Performance's motion without explanation.

On November 17, 2016, Performance tendered the redemption amount of $259,570.56 to the King County Sheriff. The sheriff deposited the money in the registry of the court.

Performance appeals.

## ANALYSIS

### Statutory Redemption Rights

This case requires us to interpret Washington's statutory right of redemption under chapter 6.23 RCW. Interpretation of a statute is a question of law subject to de novo review. Ellensburg Cement Products, Inc. v. Kittitas County, 179 Wn.2d 737, 743, 317 P.3d 1037 (2014).

In Washington, where property has been sold at a foreclosure sale, the judgment debtor and certain lien creditors are granted the statutory right to redeem the property. RCW 6.23.010; Fid. Mut. Sav. Bank v. Mark, 112 Wn.2d 47, 51, 767 P.2d 1382 (1989); Performance Constr. v. Glenn, 195 Wn. App. 406, 408, 380 P.3d 618 (2016). "Redemption is the process of cancelling and annulling a defeasible title, such as created by a mortgage, by paying the debt or fulfilling other conditions." Performance, 195 Wn. App. at 408-09. "Chapter 6.23 RCW governs the statutory right of redemption of real property sold at a sheriff's sale." P.H.T.S., LLC v. Vantage Capital, LLC, 186 Wn. App. 281, 287, 345 P.3d 20 (2015). Real property sold subject to redemption rights may be redeemed by the following or their successors in interest:

> (a) The judgment debtor, in the whole, or any part of the property, separately sold.
>
> (b) A creditor having a lien by judgment, decree, deed of trust, or mortgage, on any portion of the property, or any portion of any part thereof, separately sold, subsequent in priority to that on which the property was sold. The persons mentioned in this subsection are termed redemptioners.

RCW 6.23.010(1). "Unless redemption rights have been precluded because the mortgager or his or her successor in interest has abandoned the property, the judgment

debtor or any redemptioner may redeem the property from the purchaser within one year after the date of the sale." Performance, 195 Wn. App. at 409; RCW 6.23.020(1); RCW 61.12.093. To redeem the property from the purchaser, the judgment debtor or its successor must pay "(1) the amount bid at the sheriff's sale with interest, (2) any assessment or taxes paid by the purchaser with interest, (3) any sum paid by the purchaser on a prior lien or obligation secured by an interest in the property to the extent payment was necessary to protect the judgment debtor or a redemptioner." Performance, 195 Wn. App. at 409; RCW 6.23.020(2).

If no redemption is made within the statutory redemption period, the purchaser is entitled to a sheriff's deed at the end of the redemption period. Performance, 195 Wn. App. at 410; RCW 6.23.060.

*Validity of the Sheriff's Deed to Chang and Cascade*

We first address the validity of the July 2016 sheriff's deed issued to Chang and Cascade. Relying on the November 2015 deed from Anderson, on May 2, 2016, Chang successfully moved the trial court for an order shortening the statutory redemption period and directing the sheriff to issue a sheriff's deed. On July 5, 2016, the King County Sheriff executed a sheriff's deed for the Property to Chang. Because the trial court lacked authority to shorten the statutory redemption period, the sheriff's deed was void.

Again, by statute, the judgment debtor or their successor may redeem the property from the purchaser within one year after the date of the sale. RCW 6.23.020(1); Performance, 195 Wn. App. at 409. If no redemption is made within the one-year redemption period, the purchaser is entitled to a sheriff's deed. RCW

6.23.060; Performance, 195 Wn. App. at 418. However, as this court explained in Performance, neither the court nor the sheriff had the authority to shorten or issue a deed prior to the expiration of the redemption period.

> The sheriff has no independent or statutory authority to issue a sheriff's deed while redemption rights remain, nor may a court commissioner confer such authority when it is not otherwise conferred by law.
> . . .
> The redemption period had not expired, and the court commissioner lacked authority to shorten the redemption period or to order the sheriff to issue the deed early. The trial court correctly concluded that the sheriff's deed—issued prior to the end of the statutory redemption period—was void.

Performance, 195 Wn. App. at 418.

There is no dispute here that the sheriff's sale took place on November 19, 2015, and thus the statutory exemption period did not expire until November 18, 2016. There is also no dispute that the trial court ordered that the redemption period be shortened and that the King County sheriff prematurely issued the sheriff's deed on July 5, 2016—four months prior to the expiration of the redemption period. Because the sheriff's deed was issued prior to the end of the statutory redemption period it was void. Performance, 195 Wn. App. at 418.

*Whether There Is a Valid Redemptioner*

We turn next to the core issue in this matter: whether there was a valid redemptioner prior to the expiration of the one-year redemption period? Answering this question requires a determination of whether Anderson or the Trust had the right to transfer ownership of the redemption rights and underlying property interest at the time

-8-

Anderson transferred a deed to Chang.[5] If Anderson's conveyance of his interests in the Property, including redemption rights, was valid at the time he transferred to Chang, then there was no redemptioner and title vests with Chang, the purchaser at the sheriff's sale. In order to determine whether Anderson's conveyance was valid requires interpretation of the Trust document and a determination of whether the Property was vested in Anderson or whether the Property was subject to the spendthrift provision and thus remained within the Trust.

Performance argues that the July 21, 2016, TEDRA agreement is a correct interpretation of the Trust, and under the agreement the Property was subject to the spendthrift provision and remained in the Trust. We disagree that the TEDRA agreement resolves the dispute. While we agree that RCW 11.96A.220 authorizes a TEDRA agreement to resolve a broad scope of "matters," In re Estate of Bernard, 182 Wn. App. 692, 722, 332 P.3d 480 (2014), Performance cites no authority for the proposition that the TEDRA agreement can be used to claw back property that has already been transferred to a third party. If Anderson's conveyance of his interest in the Property to Chang in November 2015 was valid, then the property was no longer part of the Trust and thus not subject to a post-conveyance TEDRA agreement.

Because the record is insufficient to determine whether Anderson's November 2015 conveyance to Chang was valid, we remand to the trial court. If the trial court determines that Anderson did have the legal right to convey his interests in the Property

---

[5] During the redemption period, the judgment debtor retains legal title to the property. Mark, 112 Wn.2d at 52. As a consequence, "a judgment debtor may not transfer a right to redeem without also transferring the underlying interest in the property's title." Performance, 195 Wn. App. at 416 (citing Mark, 112 Wn.2d at 52-53).

to Chang, then because there is no valid remaining redemptioner, a sheriff's deed should be issued to Chang. If, however, the title remained with the Trust at the time Anderson conveyed his interests to Chang, then the court should determine whether Anderson, after being appointed successor trustee, was equitably estopped from taking an action inconsistent with his prior action conveying a deed to Chang.[6] If Anderson was not estopped from conveying title to Performance, then Performance is a valid redemptioner and the sheriff's deed should be ordered to issue a deed to Performance.[7]

## CONCLUSION

We vacate the May 19, 2016, order terminating the redemption period and ordering the King County sheriff to issue a sheriff's deed for the Property to Chang. We void the sheriff's deed issued to Chang. We remand to the trial court for further proceedings consistent with this opinion.

_____

WE CONCUR:

_____          _____

---

[6] "The elements of equitable estoppel are (1) an admission, statement or act inconsistent with a claim afterwards asserted, (2) action by another in reliance upon that act, statement or admission, and (3) injury to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission." Board of Regents v City of Seattle, 108 Wn.2d 545, 551, 741 P.2d 11 (1987).

[7] Because it is not before us, we do not address whether Chang may have claims against Anderson based on the November 2015 conveyance.