[No. 12433-9-III.   Division Three.   May 13, 1993.]

PILLSBURY COMPANY, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Respondents.*

*Michael J. Cronin* and *Winston & Cashatt,* for appellant.

*David L. Lybbert* and *Calbom & Schwab,* for respondents.

THOMPSON, A.C.J. — Pillsbury Company appeals a superior court judgment affirming the decision of the Board of Industrial Insurance Appeals to reopen the claim of Maria Borquez for workers' compensation benefits. The sole issue is whether Ms. Borquez applied to reopen her claim within 7 years of the time the Department of Labor and Industries terminated compensation on her original claim, as required by former RCW 51.32.160. We affirm.

On April 23, 1979, Maria Borquez fell and injured herself in the course of her employment with Pillsbury Company. On May 11, 1979, she applied for workers' compensation benefits. The Department allowed her claim, but on August 11, 1980, issued an order closing it with no award for permanent partial disability. Ms. Borquez filed a protest, and on October

8, 1980, the Department ordered its August 11 order held "in abeyance". On May 6, 1981, the Department issued an order adhering to its August 11 order. Ms. Borquez timely appealed to the Board of Industrial Insurance Appeals, which adopted a proposed decision and order dismissing the appeal on June 8, 1982. Ms. Borquez did not appeal the Board's decision to superior court.

On January 19, 1988, Ms. Borquez applied to reopen her claim. The Department denied the application as untimely under former RCW 51.32.160:

> If aggravation . . . of disability takes place . . . after . . . compensation shall have been . . . terminated . . . the director . . . may, upon the application of the beneficiary, *made within seven years after . . . termination of such compensation*, . . . readjust for further application the rate of compensation . . ..

(Italics ours.) The Department calculated the 7 years as running from its original August 11, 1980, order closing Ms. Borquez' claim.

Ms. Borquez appealed to the Board of Industrial Insurance Appeals. On October 23, 1991, the Board reversed the Department's order denying benefits. It concluded Ms. Borquez timely filed her application to reopen her claim. It further concluded her condition, as related to her industrial injury of 1979, was aggravated.

Pillsbury Company appealed the Board's decision to superior court. It then moved for summary judgment on the issue of whether Ms. Borquez had filed her application to reopen her claim within the 7-year period provided in the statute. The Superior Court denied the motion, trial was had, and a jury affirmed the Board's finding and conclusion that Ms. Borquez' condition had objectively worsened.

Two Washington cases have addressed whether the date of the Department order terminating compensation or some later date commences the running of the statute of limitation for filing an application to reopen a closed claim. In *Hunter v. Department of Labor & Indus.*, 190 Wash. 380, 385, 68 P.2d 224 (1937), the Department closed the worker's

claim on January 12, 1932. The worker appealed, and the joint board affirmed the closure order. He then appealed to superior court, which also affirmed the Department's order and entered a judgment of dismissal on November 12, 1932. On June 6, 1935, the worker filed a petition to reopen his claim. The Department and, subsequently, the joint board denied his petition on the ground it was filed outside the 3-year statute of limitation.

On appeal, the court reversed. First, the court noted at page 387 that the statute did not specify that the application for readjustment must be made within 3 years after termination of compensation *by order of the supervisor of the Department or of the joint board*. The court concluded the Legislature had made no specific declaration as to the point of time at which compensation was terminated. *Hunter*, at 387. While the supervisor makes that decision in the first instance, "his act is not final in the sense of being conclusive in all events." *Hunter*, at 388.

Second, the court considered the statute in the context of the remainder of the act. *Hunter*, at 388. The act provided for complete and de novo review of the Department's decision by the superior court. The court therefore determined that if the worker timely appealed, the conclusive effect of the Department's decision was "suspended until affirmed by the superior court . . .". *Hunter*, at 389. If the worker did not appeal, the original order became final and binding. *Hunter*, at 389. Since the worker filed his petition to reopen his claim within 3 years of the Superior Court's dismissal of his appeal of the order terminating compensation, *Hunter* held at page 390 that the petition was timely.

*Hutchins v. Department of Labor & Indus.*, 44 Wn. App. 571, 574, 723 P.2d 18, *review denied*, 107 Wn.2d 1010 (1986) applied the holding in *Hunter*. In *Hutchins*, the Department had closed the worker's claim on July 2, 1970. The worker appealed to the Board of Industrial Insurance Appeals, which affirmed the Department order on October 20, 1971. The worker then appealed to the Superior Court, which affirmed

the Department order on October 12, 1972. *Hutchins* held at page 575 that "[t]he relevant date for the running of the statute of limitations . . . is October 12, 1972, the date on which the Superior Court affirmed the Department's last closure order . . .". Thus, the worker's application to reopen the claim in 1980 was outside the 7-year statutory period and was appropriately dismissed.

Pillsbury argues that *Hunter* applies only in situations in which the worker appeals the Department's order terminating compensation to superior court. Here, Ms. Borquez appealed the order to the Board of Industrial Insurance Appeals, but did not appeal to the superior court after the Board affirmed the Department.

We reject Pillsbury's argument. At the time *Hunter* was decided, there was no Board of Industrial Insurance Appeals. The Legislature created the Board in 1949, at which time it also amended RCW 51.52.060 to require the worker to file a notice of appeal with the Board within 60 days of when the Department's decision was communicated to him or her. Laws of 1949, ch. 219, § 6. Prior to that time, the worker had to apply for rehearing before the joint board of the Department before proceeding with an appeal to the superior court. *See, e.g.*, Laws of 1943, ch. 280, § 1. *Hunter's* rationale applies equally to appeals to the Board, as well as appeals to the superior court. Consequently, Ms. Borquez had 7 years from the date of the Board's decision affirming the Department's order terminating her compensation, *i.e.*, June 8, 1982, to file an application to reopen her claim. Her application of January 19, 1988, was therefore timely.[1]

Ms. Borquez asks for an award of reasonable attorney fees of $500 pursuant to CR 11. "RAP 18.7 makes all of CR 11 applicable to appeals, including the provisions in CR 11 for sanctions." 3 L. Orland & K. Tegland, Wash. Prac., *Rules Practice* author's comments, at 535 (4th ed. 1991). *See also Layne v. Hyde*, 54 Wn. App. 125, 773 P.2d 83, *review denied*,

---

[1] Our holding makes it unnecessary for us to address whether the date of the Department order was August 11, 1980, the date it was originally issued, or May 6, 1981, the date the Department adhered to it.

113 Wn.2d 1016 (1989). In *Layne*, the court relied upon both CR 11, and the definition of "frivolous appeal" developed under RAP 18.9(a):

> An appeal is frivolous if, considering the entire record and resolving all doubts in favor of the appellant, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that it is so devoid of merit that there is no possibility of reversal. *Boyles v. Department of Retirement Sys.*, 105 Wn.2d 499, 506-07, 716 P.2d 869 (1986); . . .

*Layne*, at 135-36. While we have rejected Pillsbury's attempt to distinguish prior cases, we do not believe that attempt was frivolous, as that term is defined above. We therefore deny Ms. Borquez' request for CR 11 sanctions.

Affirmed.

MUNSON and SWEENEY, JJ., concur.