208 P.3d 1 (2009)
Clark E. KINNEY and Barbara E. Kinney, individually and the marital community, Appellants,
v.
Kenneth B. COOK, a single man, Respondent.
No. 27251-6-III.
Court of Appeals of Washington, Division 3.
May 21, 2009.
*2 Maris Baltins, Tamara W. Murock, Baltins & Murock, P.S., Spokane, WA, for Appellants.
John D. Munding, Attorney at Law, Spokane, WA, for Respondent.
BROWN, J.
¶ 1 Clark and Barbara Kinney appeal the summary dismissal of their August 1, 2007 suit alleging contract and Uniform Commercial Code (UCC) violations against Kenneth Cook. The Kinneys contend the trial court erred in deciding their breach of stock-pledge agreement claims were time barred. Because the Kinneys allege a January 2000 contract breach, under the six-year statute of limitations for contract claims, their claim is time barred. We reject the Kinneys' attempt to extend the discovery rule to these facts, and affirm. 1000 Virginia Ltd. P'ship v. Vertecs Corp., 158 Wash.2d 566, 575-78, 146 P.3d 423 (2006).

FACTS
¶ 2 In 1993, Mr. Cook and the Kinneys became equal shareholders in Spokane Freightliner, Inc. (the corporation). Mr. Cook loaned the Kinneys $225,000, which the Kinneys used to purchase a 50 percent corporate interest  consisting of 50,000 stock shares. The promissory note was secured by a pledge agreement giving Mr. Cook a security interest in the Kinneys' stock. The pledge agreement partly required Mr. Cook, "to use reasonable care in the custody and preservation of the collateral" and provided the Kinneys UCC rights and remedies. Clerk's Papers (CP) at 29. This is the third lawsuit by the Kinneys against Mr. Cook flowing from this business arrangement.
¶ 3 First Lawsuit. In 1997, Mr. Cook purchased the Kinneys' shares in the corporation, in exchange for cancelling the promissory note and the pledge agreement, but in July 2000, after the Kinneys' first litigation determined violations of the Securities Act of Washington (Act), chapter 21.20 RCW, the trial court ordered Mr. Cook and the corporation to return the Kinneys' stock shares pursuant to RCW 21.20.430(2). The court also ordered the Kinneys to return the purchase consideration, including reinstatement of the promissory note and the pledge agreement, but without interest from 1997 to the judgment date. In addition, the Kinneys were reinstated as guarantors of the debts of the corporation. Immediately after judgment, Mr. Cook demanded payment on the promissory note and the Kinneys complied, receiving their stock shares in return.
¶ 4 Second Lawsuit. In 2003, the Kinneys sued Mr. Cook for violations of the Act, concerning a corporate guarantee of a January 2000 $4.5 million loan from Mercedes-Benz *3 Credit Corporation (Mercedes-Benz) to Select Credit & Leasing, LLC (Select Credit), a company owned by Mr. Cook. The alleged security violation was allegedly discovered in April 2001 bankruptcy proceedings when Mr. Cook filed a reorganization plan listing the $4.5 million loan. Eventually, our Supreme Court affirmed the trial court's decision to grant Mr. Cook's CR 12(b) dismissal motion. See Kinney v. Cook, 159 Wash.2d 837, 843-46, 154 P.3d 206 (2007). Essentially, the Supreme Court agreed that the Kinneys failed to state a claim under the Act. See id.
¶ 5 Third Lawsuit. On August 1, 2007, in the present litigation, the Kinneys sued on three causes of action stemming from Mr. Cook's alleged corporate mismanagement in using the corporation to guarantee the $4.5 million loan: first, breach of the pledge agreement, second, UCC secured transaction violations, and third, breach of the implied covenant of good faith and fair dealing under the pledge agreement.
¶ 6 Mr. Cook moved to dismiss under CR 12(b)(6), requesting the trial court consider evidence outside of the complaint. The parties offered voluminous materials considered by the trial court in its ruling. Much of the briefing below and here relates to when the Kinneys did or should have discovered the $4.5 million loan based upon the prior litigation and the bankruptcy proceedings. After a hearing, the trial court granted Mr. Cook's dismissal motion on all three of the Kinneys' causes of action, finding each barred by the statute of limitations. The Kinneys unsuccessfully moved for reconsideration. The Kinneys appealed.

ANALYSIS

A. Summary Judgment
¶ 7 The issue is whether the trial court erred in granting summary dismissal of all claims as time-barred. The Kinneys contend the discovery rule applies to determine when the statute of limitations began to run and a genuine issue of material fact remains as to when they learned of Mr. Cook's breach of the pledge agreement. We disagree.
¶ 8 Under CR 12(b)(6), "a defendant may move to dismiss where a plaintiff's pleadings do not state a claim for which relief can be granted." Mueller v. Miller, 82 Wash.App. 236, 245-46, 917 P.2d 604 (1996) (citing Danzig v. Danzig, 79 Wash.App. 612, 616, 904 P.2d 312 (1995)). Further, "[i]f ... matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56." CR 12(b); Berst v. Snohomish County, 114 Wash.App. 245, 251, 57 P.3d 273 (2002).
¶ 9 Here, when considering Mr. Cook's motion to dismiss under CR 12(b)(6), the trial court considered materials outside of the pleadings. Accordingly, we review the motion under the summary judgment standards. See CR 12(b); Berst, 114 Wash.App. at 251, 57 P.3d 273.
¶ 10 We review a grant of summary judgment de novo, engaging in the same inquiry as the trial court. Lybbert v. Grant County, 141 Wash.2d 29, 34, 1 P.3d 1124 (2000). "[A]n appellate court can sustain the trial court's judgment upon any theory established by the pleadings and supported by the proof, even if the trial court did not consider it." LaMon v. Butler, 112 Wash.2d 193, 200-01, 770 P.2d 1027 (1989) (citing Wendle v. Farrow, 102 Wash.2d 380, 382, 686 P.2d 480 (1984)).
¶ 11 Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). "A material fact is one that affects the outcome of the litigation." Owen v. Burlington N. & Santa Fe R.R., 153 Wash.2d 780, 789, 108 P.3d 1220 (2005). In addition, "[q]uestions of fact may be determined as a matter of law `when reasonable minds could reach but one conclusion.'" Id. at 788, 108 P.3d 1220 (quoting Hartley v. State, 103 Wash.2d 768, 775, 698 P.2d 77 (1985)). When considering a summary judgment motion, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. Lybbert, 141 Wash.2d at 34, 1 P.3d 1124.
*4 ¶ 12 The statute of limitations for an action upon a written contract is six years. RCW 4.16.040(1). "Statutes of limitations do not begin to run until a cause of action accrues." 1000 Virginia Ltd. P'ship, 158 Wash.2d at 575, 146 P.3d 423 (citing RCW 4.16.005). A cause of action usually accrues "when the party has the right to apply to a court for relief." Id. "Under the discovery rule, a cause of action does not accrue  and as a result the statute of limitations does not begin to run  until the plaintiff knows, or has reason to know, the factual basis for the cause of action." Bowles v. Wash. Dep't of Ret. Sys., 121 Wash.2d 52, 79-80, 847 P.2d 440 (1993).
¶ 13 Our Supreme Court "has consistently held that accrual of a contract action occurs on breach." 1000 Virginia Ltd. P'ship, 158 Wash.2d at 576, 146 P.3d 423. In 1000 Virginia Limited Partnership, our Supreme Court abrogated the Division One opinion, Architechtonics Construction Management, Inc. v. Khorram, 111 Wash.App. 725, 45 P.3d 1142 (2002), that applied the discovery rule to a cause of action for breach of a construction contract. Id. at 576-78, 146 P.3d 423. The court reasoned "[b]ecause controlling precedent held that a claim arising out of a contract accrued on breach and not on discovery, the Court of Appeals lacked authority to adopt the discovery rule in Architechtonics." Id. at 578, 146 P.3d 423. Nonetheless, the court then went on to adopt the discovery rule in the limited context of "actions on construction contracts involving allegations of latent construction defects." Id. at 590, 146 P.3d 423.
¶ 14 Here, the Kinneys apparently seek to extend the rule announced in 1000 Virginia Limited Partnership beyond the construction contract context. This we decline to do. Under 1000 Virginia Limited Partnership, accrual of a contract action occurs on breach. See 1000 Virginia Ltd. P'ship, 158 Wash.2d at 576, 146 P.3d 423. Here, the alleged breach occurred in January 2000 when Mr. Cook engineered the corporation's guarantee of the $4.5 million loan from Mercedes-Benz; this suit was filed on August 1, 2007, after the six-year statute of limitations had run. Although we acknowledge the parties' discovery rule arguments, we do not consider them relevant to the rule reaffirmed in 1000 Virginia Limited Partnership that in contract actions the claim accrues on breach absent an exception such as that created for construction contracts. See id. at 578-83, 146 P.3d 423.
¶ 15 Moreover, even if the statute of limitations were not dispositive, in January 2000, the pledge agreement was not in effect. On February 26, 1997, the pledge agreement was cancelled, and on July 11, 2000, it was reinstated. The Kinneys argue that rescission of the February 26, 1997 transaction restored them to the position they held on that date. However, the cases cited by the Kinneys involve the rescission of contracts, not the rescission of a stock sale pursuant to the Act, specifically, under RCW 21.20.430(2). See Golob v. George S. May Int'l Co., 2 Wash.App. 499, 468 P.2d 707 (1970) (suit for breach of contract for management consulting services); Yount v. Indianola Beach Estates, Inc., 63 Wash.2d 519, 387 P.2d 975 (1964) (suit for rescission of contracts to purchase real estate). The Kinneys cite no authority in support of the argument that the reinstatement of the promissory note on July 11, 2000 caused it to be in effect during the period when it was cancelled, nor are we aware of any.
¶ 16 In sum, the Kinneys' claims accrued in January 2000, when Select Credit, via Mr. Cook, obtained the $4.5 million loan from Mercedes-Benz, as this is the action the Kinneys' allege was in breach of the pledge agreement. Consequently, the statute of limitations expired in January 2006. See RCW 4.16.040(1). The Kinneys' action filed on August 1, 2007 was time barred. Accordingly, the trial court did not err in granting summary dismissal of the Kinneys' claims. Our holding makes unnecessary any discussion of Mr. Cook's alternative arguments based on res judicata, judicial estoppel, and failure to state a cause of action recognized by Washington law.

B. Attorney Fees
¶ 17 Mr. Cook requests an award of attorney fees and costs he incurred in defending against this appeal as sanctions under CR 11 *5 and RAP 18.9(a). He contends the Kinneys' appeal was not filed in compliance with CR 11, and that it is frivolous under RAP 18.9(a).
¶ 18 Mr. Cook argues that CR 11 should apply to appellate court sanctions, citing Pillsbury Company v. Department of Labor & Industries, 69 Wash.App. 828, 832, 851 P.2d 698 (1993), which stated "RAP 18.7 makes all of CR 11 applicable to appeals, including the provisions in CR 11 for sanctions." At the time Pillsbury Company was decided, RAP 18.7 provided, in relevant part: "[e]ach paper filed pursuant to these rules should be dated and signed by an attorney or party as provided in CR 11." Former RAP 18.7 (1990). However, RAP 18.7 has undergone two revisions since Pillsbury Company and as of September 1, 2006, no longer mentions CR 11. Accordingly, we solely consider whether Mr. Cook is entitled to sanctions under RAP 18.9(a).
¶ 19 RAP 18.9(a) authorizes the appellate court, on its own initiative or on motion of a party, to order a party or counsel who files a frivolous appeal "to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." RAP 18.9(a). "Appropriate sanctions may include, as compensatory damages, an award of attorney fees and costs to the opposing party." Yurtis v. Phipps, 143 Wash.App. 680, 696, 181 P.3d 849 (citing Rhinehart v. Seattle Times, Inc., 59 Wash. App. 332, 342, 798 P.2d 1155 (1990)), review denied, 164 Wash.2d 1037, 197 P.3d 1186 (2008). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal." Lutz Tile, Inc. v. Krech, 136 Wash.App. 899, 906, 151 P.3d 219 (2007), review denied, 162 Wash.2d 1009, 175 P.3d 1092 (2008). Further, all doubts as to whether an appeal is frivolous are resolved in favor of the appellant. Id.
¶ 20 While we have rejected the Kinneys' arguments, their appeal is not frivolous, as the term is defined above. "An appeal that is affirmed merely because the arguments are rejected is not frivolous." Halvorsen v. Ferguson, 46 Wash.App. 708, 723, 735 P.2d 675 (1986). Accordingly, we reject Mr. Cook's request for sanctions.
¶ 21 Affirmed.
WE CONCUR: KULIK, A.C.J., and SWEENEY, J.