## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SING CHO NG,<br><br>                              Appellant,<br><br>        v.<br><br>BING KUNG ASSOCIATION,<br>TOMMY PING YUE MAI, YAO SHEN<br>CHIN, YUET PING MARK, KIN<br>CHEUN LEUNG, AND JOHN DOE<br>AND JANE DOE,<br><br>                              Respondents. | No. 78715-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br><br>FILED: November 4, 2019 |

LEACH, J. — Pro se litigant Sing Cho Ng appeals the dismissal of his complaints for damages against Bing Kung Association and its agents (Bing Kung) pursuant to CR 12(b). The appeal is entirely devoid of merit. We affirm the trial court and award attorney fees to Bing Kung under RAP 18.9 as sanctions for a frivolous appeal.

### BACKGROUND

Sing Cho Ng was a tenant at a residential building in Seattle owned by Bing Kung. Ng alleges that agents of Bing Kung, accompanied by Seattle police officers, forcibly entered and searched his apartment on October 8, 2014. In October 2014, Ng and his former roommate Matthew Zhong each filed two pro se anti-harassment petitions against individual members of Bing Kung alleging emotional distress arising

from the alleged break-in.[1] The court dismissed all four petitions. Ng and Zhong did not appeal these rulings.

In July 2015, Bing Kung started an unlawful detainer action against Ng and Zhong for failure to pay rent.[2] The court decided that Ng and Zhong were guilty of unlawful detainer and issued a writ of restitution. Ng later filed numerous posttrial motions and unsuccessfully appealed their denial.[3]

In December 2015 and January 2016, Ng filed pro se complaints for damages against Bing Kung arising from the alleged break-in, the unlawful detainer action, and Bing Kung's storage of Ng's personal property.[4] The court dismissed these complaints. Ng's subsequent appeals failed.

On September 17, 2017 and October 2, 2017, Ng filed two more pro se complaints for damages arising from the October 8, 2014, break-in and the 2015 unlawful detainer action.[5] The complaints alleged claims for unlawful and forcible entry contrary to RCW 59.12.230 and RCW 59.18.150; retaliation contrary to RCW 59.18.240; burglary and trespass contrary to RCW 9A.52; and a federal civil rights claim under 42 U.S.C. § 1983. On October 9, 2017, Zhong filed his own complaint.[6] Over Ng's objection, the court granted Bing Kung's request to consolidate the three cases.

---

[1] King County Superior Court Nos. 14-2-27943-4 SEA, 14-2-29241-4 SEA, 14-2-27844-6 SEA, 14-2-29231-7 SEA.

[2] King County Superior Court No. 15-2-16467-8 SEA.

[3] Bing Kung Ass'n v. Sing Cho Ng, No. 74251-5-I (Wash. Ct. App. Nov. 6, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/742515.pdf.

[4] King County Superior Court Nos. 15-2-30570-1 SEA, 16-2-00051-7 SEA.

[5] King County Superior Court Nos. 17-2-25788-5 SEA, 17-2-24597-6 SEA.

[6] King County Superior Court No. 17-2-26434-2 SEA.

On December 12, 2017, a court commissioner granted Ng's ex parte motion for permission to serve the defendants by mail. On May 3, 2018, Bing Kung asked the court to vacate the commissioner's order on procedural and substantive grounds. On May 16, 2018, the superior court granted the request and vacated the order.

On May 21, 2018, Bing Kung filed a CR 12(b) motion to dismiss the consolidated cases with prejudice and asked the court to take judicial notice of prior cases involving the parties. Bing Kung asserted four main grounds for dismissal: (1) lack of service of process, (2) statute of limitations, (3) collateral estoppel, and (4) failure to state a claim upon which relief may be granted. Bing Kung also requested an award of attorney fees and costs for bringing frivolous claims in violation of CR 11.

On June 11, 2018, Ng asked for more time to file his response. The court denied the request. On June 19, 2018, Ng filed a notice of disqualification of judge. The court denied disqualification on the ground that the judge had previously exercised discretion in the case.

On June 22, 2018, after oral argument, the court dismissed all claims with prejudice and awarded $5,000 in attorney fees to Bing Kung. In its written order, the court ruled that dismissal was proper because the defendants were not properly served, the statute of limitations has now lapsed on all claims, the issues presented in the complaints are precluded by collateral estoppel, and the plaintiffs failed to state a claim upon which relief could be granted. The order also stated that "[p]laintiffs shall not file any further litigation in this court against any of the named defendants or their agents on these same facts until and unless they have satisfied this judgment of attorney's fees."

The court denied Ng's subsequent motion for a rehearing, which it interpreted as a motion for reconsideration. Ng appeals.[7]

## STANDARD OF REVIEW

A court may dismiss a complaint for failure to state a claim under CR 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief.[8] We review dismissal pursuant to CR 12(b)(6) de novo.[9]

## ANALYSIS

Ng presents no cogent argument for relief on appeal. A pro se litigant must follow the same rules of procedure and substantive law as a licensed attorney.[10] "The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties."[11] An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."[12] An appellate court need not consider arguments that a party does not support by references to the record, meaningful analysis, or citation to pertinent authority.[13]

---

[7] Zhong is not a party to this appeal.

[8] Bravo v. Dolsen Cos., 125 Wn.2d 745, 750, 888 P.2d 147 (1995).

[9] Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007).

[10] Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006).

[11] Clark County v. W. Wash. Growth Mgmt. Hr'gs Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (citing RAP 5.3(a); RAP 10.3(a), (g); RAP 12.1).

[12] RAP 10.3(a)(6).

[13] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (arguments not supported by authority); State v. Camarillo, 54 Wn. App. 821, 829, 776 P.2d 176 (1989) (no references to the record), aff'd, 115 Wn.2d 60, 794 P.2d 850 (1990); RAP 10.3(a).

Ng's notice of appeal designated three decisions: (1) the order granting Bing Kung's motion to dismiss pursuant to CR 12(b), (2) the order denying disqualification, and (3) the order denying Ng's motion for an extension of time to file a response. But Ng's briefing does not assign any error to the trial court's rulings. His legal and factual assertions consist primarily of unfounded claims of misconduct by counsel for Bing Kung and the trial court judge. Moreover, he fails to address the merits of the issues raised in Bing Kung's motion to dismiss.[14] These deficiencies sharply limit the scope of issues Ng presents for review.[15] However, to the extent possible, we address the essence of Ng's assertions.

Ng's primary argument on appeal is that the trial court committed reversible error by permitting an associate attorney at Bing Kung's counsel's firm to appear in court for the hearing on the motion to dismiss and sign pleadings on behalf of Bing Kung. CR 70.1(a) provides that "[a]n attorney admitted to practice in this state may appear for a party by serving a notice of appearance." Here, the notice of appearance states that Loeffler Law Group PLLC appeared on behalf of the Bing Kung defendants. Ng asserts that the attorney who signed the notice of appearance is the only attorney of record in the case. So he contends that the associate attorney is a fraudulent nonparty imposter

---

[14] Ng's opening brief asserts that the trial court erred in ruling that Zhong failed to file his complaint within the three-year statute of limitations. But Zhong is not a party to this appeal.

[15] Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 693, 15 P.3d 115 (2000) ("'[o]nly issues raised in the assignment of error . . . and argued to the appellate court are considered on appeal'") (second alteration in original) (quoting State v. Kalakosky, 121 Wn.2d 525, 540 n.18, 852 P.2d 1064 (1993)); Saviano v. Westport Amusements, Inc., 144 Wn. App. 72, 84, 180 P.3d 874 (2008) (declining to address issues that a party fails to raise appropriately or discuss meaningfully with citations to authority).

whose unauthorized appearance tainted the entire proceeding. Ng is mistaken. No rule requires attorneys with the same law firm to file separate notices of appearance.[16] The associate attorney's appearance for Bing Kung was wholly proper.

Ng also argues that the trial court erred in denying his notice of disqualification. "A party has the right to disqualify a trial judge for prejudice, without substantiating the claim, if the requirements of RCW 4.12.050 are met."[17] "To be timely, an affidavit of prejudice[18] must be made 'before the judge presiding has made any order or ruling involving discretion.'"[19] Here, the judge denied Ng's notice of disqualification because he previously exercised his discretion by ruling on Bing Kung's motion to vacate the order allowing service by mail on May 16, 2018.[20] The judge did not err in denying Ng's untimely notice of disqualification. And the record does not support Ng's assertions that the trial court judge lied and mishandled his case.

Ng's notice of appeal included the order denying his request for more time to file his response to Bing Kung's motion to dismiss. But Ng's briefing does not discuss any procedural or substantive issues for review relating to this order. We need not address it.[21]

---

[16] See CR 70.1, 71.

[17] State v. Lile, 188 Wn.2d 766, 774, 398 P.3d 1052 (2017).

[18] Now called a "notice of disqualification."

[19] In re Recall of Lindquist, 172 Wn.2d 120, 130, 258 P.3d 9 (2011) (quoting former RCW 4.12.050(1) (LAWS OF 2009, ch. 332, § 20)).

[20] RCW 4.12.050(2) clarifies that the following actions by a judge, even though they may involve discretion, do not cause the loss of the right to file a notice of disqualification against that judge: arranging the calendar, setting a date for hearing or trial and/or ruling on an agreed continuance, as well as other administrative criminal proceedings. Ruling on a motion to vacate is not included on this list.

[21] Weyerhaeuser, 142 Wn.2d at 693.

Although not included in his notice of appeal, Ng's opening brief asserts that the trial court abused its discretion by denying his motion for reconsideration. But Ng fails to provide any argument about this issue. We need not address it.[22]

Although Ng's opening brief failed to address the merits of Bing Kung's CR 12(b) motion to dismiss, Bing Kung argues that the trial court properly granted its motion on the basis of lack of service of process, statute of limitations, collateral estoppel, and failure to state a claim upon which relief can be granted. Ng did not reply to these arguments. His reply brief merely renews his baseless assertions of unlawful misconduct by the associate attorney for Bing Kung and the trial court judge. Ng's failure to assign error to and argue against the merits of the court's rulings in the order of dismissal waives any challenge based on those issues.[23] We need not address Bing Kung's arguments regarding the merits of the motion to dismiss.

Bing Kung also requests an award of attorney fees as a sanction for Ng's frivolous appeal. RAP 18.9(a) authorizes the appellate court, on its own initiative or on motion of a party, to order a party or counsel who files a frivolous appeal to pay sanctions, including an award of attorney fees and costs, to the opposing party. "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that

---

[22] Weyerhaeuser, 142 Wn.2d at 693; RAP 10.3(a)(6).
[23] Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 846, 347 P.3d 487 (2015).

-7-

it is so devoid of merit that there is no possibility of reversal."[24] We resolve all doubts to whether an appeal is frivolous in favor of the appellant.[25]

This appeal presents no debatable issues upon which reasonable minds might differ and is devoid of merit. Ng completely fails to address the merits of the issues presented in Bing Kung's motion to dismiss, and his challenges to the trial court's rulings are entirely lacking in merit. We award reasonable appellate attorney fees to Bing Kung under RAP 18.9 upon compliance with RAP 18.1.

Affirmed.

_Leach, J._

WE CONCUR:

_Mann, ACJ._

---

[24] Lutz Tile, Inc. v. Krech, 136 Wn. App. 899, 906, 151 P.3d 219 (2007).
[25] Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009).