**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

KIRK WILSON, an individual,

              Respondent,

        v.

CAROL DENISE DILLON, ALICE
HUDSON, AND ALL OTHER
PERSONS RESIDING AT: 5135 S.
Avon St. Seattle, WA 98178

              Appellants.

No. 85231-1-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, J. — Alice Hudson and Carol Dillon (collectively Appellants) appeal the trial court's judgment for unlawful detainer and a writ of restitution restoring residential property to Kirk Wilson. We affirm.

I

This case concerns the residential property located at 5135 S. Avon St. Seattle, WA 98178 (property). Wilson is the legal owner of the property. On March 29, 2022, Wilson served Appellants with a 90-day notice to vacate the property by June 30, 2022. The notice explained that Wilson had elected to sell the property.

After Appellants refused to vacate the property, Wilson filed a complaint alleging unlawful detainer. Alternatively, Wilson asserted claims of ejectment, breach of fiduciary duty, and breach of contract.

Appellants collectively answered the complaint, asserted affirmative defenses and alleged counterclaims of abuse of process and intentional infliction of emotional distress (IIED), breach of fiduciary duty of implied trust, and violation of the Abuse of Vulnerable Adults Act, ch. 74.34 RCW.

The parties agree on the following facts: Wilson purchased the property from Hudson and her husband in 2005.[1] Wilson obtained a mortgage on the property. Hudson was supposed to make monthly payments to Wilson's lender. Hudson fell behind multiple times, accruing late fees. At some point, Hudson's daughter, Dillon, moved into the property.

The parties agree that "at some point" the property was to be transferred back to Hudson, but dispute when and how this would occur. Wilson asserted that Hudson agreed to buy back the property no later than one year from the date he purchased the property. Wilson has repeatedly requested that Hudson repurchase the property from him.

In contrast, Hudson asserted that "[n]either of the parties created any specific date for the transfer back of the property." Hudson asserted that Wilson "agreed to hold the property in trust until Ms. Hudson could get financed at a more affordable interest rate."

---

[1] Ronnie Hudson passed away in 2012 and is not a party to this action.

But both parties agree that any agreement was made orally in 2005.

Wilson moved for summary judgment and requested the issuance of a writ of restitution.  Wilson also sought dismissal of all of Appellants' counterclaims.

The trial court granted summary judgment to Wilson on his unlawful detainer claim and dismissed all other claims and counterclaims.[2]  The trial court denied Appellants' motion for reconsideration.

The trial court granted Wilson a writ of restitution.  Appellants filed a motion to stay execution of the writ.  On May 17, 2023, the trial court entered an order staying the enforcement of the writ on the payment of a bond in the amount of $250,000.  The record does not show that Appellants posted a bond.

Dillon and Hudson appeal.

II

We review summary judgment orders de novo, engaging in the same inquiry as the trial court.  Borton & Sons, Inc. v. Burbank Props., LLC, 196 Wn.2d 199, 205, 471 P.3d 871 (2020).  "A party seeking summary judgment bears the initial burden to show the absence of a genuine issue of material fact."  Dang v. Floyd, Pflueger & Ringer, PS, 24 Wn. App. 2d 145, 158, 518 P.3d 671 (2022), review denied, 200 Wn.2d 1032 (2023).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  CR 56(c).  All facts and reasonable

_____

[2] The trial court entered an order re summary judgment on March 27, 2023, and an order granting plaintiff's motion for summary judgment in part and denying in part on March 28, 2023.  Following a motion in this court, the trial court entered an amended order granting plaintiff's motion for summary judgment.  Appellants have properly appealed the amended order.  See notice of appeal filed May 19, 2023.

inferences are viewed in the light most favorable to the nonmoving party.  Berry v. King County, 19 Wn. App. 2d 583, 587, 501 P.3d 150 (2021).

If the moving party meets their initial burden, then the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact.  Dang, 24 Wn. App. 2d at 158.  The nonmoving party must provide "more than conclusory allegations, speculative statements, or argumentative assertions of the existence of unresolved factual issues" to survive summary judgment.  Walker v. King County Metro, 126 Wn. App. 904, 912, 109 P.3d 836 (2005).

We may affirm a trial court's disposition of a summary judgment motion on any basis supported by the record on appeal.  Performance Constr., LLC v. Glenn, 195 Wn. App. 406, 415, 380 P.3d 618 (2016).

A

Appellants argue that the trial court erred by granting summary judgment to Wilson because there was no landlord-tenant relationship.  Appellants spend the majority of their briefing asserting that Wilson's unlawful detainer action was improper as issues related to ownership of the property, not just possession, were involved in this case.  But the Appellants' primary counterclaim was for an implied or constructive trust.

An unlawful detainer action provides an expedited means of resolving competing claims to possession of property.  Kitsap County Consol. Hous. Auth. v. Henry-Levingston, 196 Wn. App. 688, 698, 385 P.3d 188 (2016).  The statute was created as a summary proceeding.  River Stone Holdings NW, LLC v. Lopez, 199 Wn. App. 87, 92, 395 P.3d 1071 (2017).  Issues unrelated to possession are not properly part of an unlawful detainer action.  Josephinium Assocs. v. Kahli, 111 Wn. App. 617, 624, 45

-4-

P.3d 627 (2002). Defenses or counterclaims that do not involve possession generally are not allowed. Angelo Prop. Co. v. Hafiz, 167 Wn. App. 789, 809, 274 P.3d 1075 (2012).

However, in Snuffin v. Mayo, 6 Wn. App. 525, 528, 494 P.2d 497 (1972), the Court of Appeals held that it was proper for the court to consider the issue of constructive trust in an action for unlawful detainer. The court explained that because equitable defenses could be raised and "[a] constructive trust is clearly an equitable defense" the resolution of that issue was necessary to a determination of the right to possession. Snuffin, 6 Wn. App. at 528.

Regardless, this was not a hearing on an order to show cause in an unlawful detainer action. See RCW 59.18.370.[3] Wilson alternatively pleaded a cause of action for ejectment against Appellants and argued ejectment in his motion for summary judgment. And Wilson sought relief by means of a motion for summary judgment.

"Ejectment is a remedy for one who, claiming a paramount title, is out of possession." Bar K Land Co. v. Webb, 72 Wn. App. 380, 383, 864 P.2d 435 (1993). There are three basic elements to an ejectment action: (1) the plaintiff owns the property, (2) the defendant is in possession of the plaintiff's property, and (3) the

---

[3] Appellants also present conflicting arguments on this issue. Appellants repeatedly assert that the case was set for trial and should have proceeded to trial. But Appellants fail to acknowledge that the case was certified for trial by the ex parte department for a 30-day unlawful detainer/ejectment trial date only case schedule. It is unclear from the record presented to this court what caused the delay from that certification, dated August 17, 2022, to the hearing on summary judgment on March 24, 2023, but it appears the case was no longer on the priority schedule afforded unlawful detainer actions. Thus, it appears the ex parte department at least impliedly converted the statutory unlawful detainer action to a civil action. See Munden v. Hazelrigg, 105 Wn.2d 39, 46-47, 711 P.2d 295 (1985) (noting, "the trial court has inherent power to fashion the method by which an unlawful detainer action is converted to an ordinary civil action.").

defendant has refused to surrender possession of the property to the plaintiff. 118 AM. JUR. PROOF OF FACTS 3D Establishing Fee Simple Determinable Title § 7, at 147 (2011).

Here, Wilson presented evidence that he is the legal owner of the property. Wilson presented evidence that Dillon, with Hudson's permission, is in possession of the property. And Wilson presented evidence that he has asked Dillon to surrender possession and she has refused.

We may affirm a trial court's disposition of a summary judgment motion on any basis supported by the record on appeal. Performance Constr., 195 Wn. App. at 415. Because Wilson met the three elements of ejectment, the trial court did not err by granting Wilson summary judgment and a writ of restitution.

B

Appellants argue that the trial court erred by dismissing their counterclaim for breach of fiduciary duty of implied trust when genuine issues of material fact existed. Because Appellants failed to present a genuine issue of material fact, we disagree.

In their counterclaim, Appellants asserted that Wilson breached a fiduciary duty of an implied trust. They asserted that Wilson breached his fiduciary duty to Hudson by using the property for his own personal gain and to financially exploit Hudson, and Wilson seeking to sell the property and rent it for his profit breached the express wishes of Hudson and her wishes on how the property is to be handled.

In his motion for summary judgment, Wilson argued that there were no genuine issues of material fact as to the oral agreement because Appellants are barred by the statute of limitations and the statute of frauds since the agreement was oral and made over 18 years ago. Wilson also asserted that no trust relationship was owed to Hudson

by Wilson. Thus, Appellants had the burden to show the existence of a genuine issue of material fact regarding whether there is a trust.

An express trust is "a fiduciary relationship with respect to property, subjecting the person by whom the title to property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." In re Marriage of Lutz, 74 Wn. App. 356, 365, 873 P.2d 566 (1994) (quoting 1 WILLIAM F. FRATCHER, SCOTT ON TRUSTS § 2.3, at 41 (4th ed. 1987)). An express trust involving a real estate transfer cannot be established by parol evidence unless actual or constructive fraud is involved in the original transaction. Dowgialla v. Knevage, 48 Wn.2d 326, 335-36, 294 P.2d 393 (1956); Lutz, 74 Wn. App. at 365. The subsequent failure of the trustee to return the trust property does not prove bad faith in the original transaction. Lutz, 74 Wn. App. at 366.

Here, Hudson claims an express manifestation of intent to form a trust by repeatedly asserting that Wilson agreed to hold the property in trust for her for some time. But her claim rests on parol evidence. There are no writings that establish a mutual agreement between Wilson and Hudson. The only writings are the deeds which expressly declare Wilson as the legal property owner. Nor has Hudson asserted, or presented any evidence, of actual or constructive fraud or bad faith on the part of Wilson at the time of entering into the agreement. The oral express trust is therefore unenforceable. Lutz, 74 Wn. App. at 366; see Dowgialla, 48 Wn.2d at 335.

Where the statute of frauds prevents Hudson from proving an express trust through parol evidence, Hudson may prove a constructive trust if she can show that Wilson's agreement to hold the property was made in bad faith. Constructive trusts are

-7-

an equitable remedy and are imposed when there is clear, cogent, and convincing evidence of an equitable duty to convey a piece of property to another. Baker v. Leonard, 120 Wn.2d 538, 547, 843 P.2d 1050 (1993). "A constructive trust is an equitable remedy that 'compel[s] restoration, where one through actual fraud, abuse of confidence reposed and accepted, or through other questionable means, gains something for himself which, in equity and good conscience, he should not be permitted to hold.'" Consulting Overseas Mgmt., Ltd. v. Shtikel, 105 Wn. App. 80, 86-87, 18 P.3d 1144 (2001) (quoting Scymanski v. Dufault, 80 Wn.2d 77, 88, 491 P.2d 1050 (1971)).

Constructive trusts may be found when an oral promise to hold real estate in express trust is made in bad faith. Lutz, 74 Wn. App. at 367. Parol evidence is admissible to establish the existence of a constructive trust. Lutz, 74 Wn. App. at 366. Similar to an express trust, actual or constructive fraud must be demonstrated before a constructive trust involving real property can be established by parol evidence. Lutz, 74 Wn. App. at 364-65. The fraud must be present at the inception of the transaction. Lutz, 74 Wn. App. at 364-65. A breach of an oral agreement does not itself establish fraud in the original agreement. Dowgialla, 48 Wn.2d at 334. Constructive trusts may also be imposed "where the retention of the property would result in the unjust enrichment of the person retaining it." Consulting Overseas, 105 Wn. App. at 87.

Similar to the analysis for an express trust, however, Hudson has not presented any evidence of actual or constructive fraud at the inception of the transaction in 2005. Nor has Hudson presented a genuine issue of material fact that Wilson would be unjustly enriched other than to say he would profit from the sale of the home, which he has been the legal owner of since 2005.

-8-

Because Appellants failed to satisfy their initial burden, the trial court did not err in dismissing the counterclaim for breach of fiduciary duty.

C

Appellants also assert that the trial court erred by dismissing their counterclaims of abuse of process and violations of the Abuse of Vulnerable Adults Act.

But Appellants have failed to present any argument on this claimed error. Appellants sole assertions are that a "reasonable jury could have found that the record reflects repeated intransigence by [Wilson] wherein Appellant, Alice Hudson claims for abuse of process claim will prevail."[4]  And "Appellant Hudson meets the statutory definition of a vulnerable person[] already briefed herein above and supported by her declaration."  While Appellants did include an applicable statute, ch. 74.34 RCW in their fact section, they fail in their argument section to explain how they presented a genuine issue of material fact on these claims to the trial court.

"We will not consider an inadequately briefed argument."  Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (argument unsupported by citation to the record or authority will not be considered); RAP 10.3(a)(6).

D

Appellants argue the trial court abused its discretion by denying their CR 59 motion for a new trial.  We disagree.

---

[4] In Appellants' answer, this claim was titled "Abuse of Process and Intentional Infliction of Emotional Distress."  There is only one reference to IIED in the fact section of Appellants' brief and no reference to any purported emotional distress suffered by Appellants.

We review a trial court's denial of a CR 59 motion for an abuse of discretion. In re Recall of Fortney, 196 Wn.2d 766, 784, 478 P.3d 1061 (2021). "A trial court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds or untenable reasons." Go2Net, Inc. v. C I Host, Inc., 115 Wn. App. 73, 88, 60 P.3d 1245 (2003).

In Appellants' motion before the trial court, they asserted several grounds for reconsideration based on CR 59(a)(1), (4), (7), (8), and (9). However, on appeal, they have limited their argument to CR 59(a)(1), (4), and (9).

CR 59(a) provides that a motion for reconsideration may be granted for the following reasons:

> (1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial;
>
>        . . . .
>
> (4) Newly discovered evidence, material for the party making the application, which the party could not with reasonable diligence have discovered and produced at the trial;
>
>        . . . .
>
> (9) That substantial justice has not been done.

Appellants first argue that the trial court abused its discretion because the complaint and counterclaims raised issues not merely of possession, but ownership.

As discussed above, it is appropriate for a court to consider the issue of constructive trust in an action for unlawful detainer. Snuffin, 6 Wn. App. at 528. And Wilson sought a writ of restitution to restore possession of the property to him. The trial

court determined that Appellants failed to present a genuine issue of material fact and resolved the question of possession in favor of Wilson.

Appellants next assert that they proffered new evidence of improvements. Newly discovered evidence warrants a new trial "only if 'the evidence (1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching.'" Go2Net, 115 Wn. App. at 88 (internal quotation marks omitted) (quoting Holaday v. Merceri, 49 Wn. App. 321, 329, 742 P.2d 127 (1987)). The trial court may deny a party's CR 59(a) motion for failure to show "'any one of these five factors.'" Go2Net, 115 Wn. App. at 88 (quoting Holaday, 49 Wn. App. at 330).

Appellants concede that the evidence was not presented in response to Wilson's motion for summary judgment. The records themselves reflect that they were not discovered since trial and could have been discovered before trial. Thus, Appellants failed to show two of the factors.

Finally, Appellants assert that substantial justice has not been done. Granting reconsideration for lack of substantial justice, CR 59(a)(9), should be rare. See Kohfeld v. United Pac. Ins. Co., 85 Wn. App. 34, 41, 931 P.2d 911 (1997). In seeking reconsideration, Appellants merely repeated the arguments that they made in response to summary judgment. As set forth above, Appellants failed to demonstrate any error in the trial court's order on summary judgment.

The trial court did not abuse its discretion in denying the motion for reconsideration.

IV

Wilson, citing CR 11, RCW 4.84.185, and RAP 18.9, requests an award of attorney fees on appeal in accordance with RAP 18.1.

This court has the discretion to award attorney fees on appeal under RAP 18.1(a) where authorized by applicable law. "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ" and the appeal is so devoid of merit that "there is no possibility of reversal." Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009). "An appeal that is affirmed simply because the arguments are rejected is not frivolous." In re Marriage of Schnurman, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).

Although we reject Appellants' claims, we cannot say the appeal was so totally devoid of merit as to be frivolous. We deny Wilson's request for attorney fees.

We affirm.[5]

_Mann, J._

WE CONCUR:

_Bowman, J._          _Dwyer, J._

---

[5] While Appellants included the trial court's May 17, 2023 order granting stay on writ-setting supersedeas bond in their notice of appeal, they did not assign error to it or make any arguments in their brief on this order. Appellants have abandoned any claims regarding this order. Holder v. City of Vancouver, 136 Wn. App. 104, 107, 147 P.3d 641 (2006) (party abandons an issue by failing to brief the issue on appeal).